**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-1394

GARLA RENEE FREEMAN;
GARLAND L. FREEMAN,
Appellants

v.

TD BANK; TRENTON POLICE; TERRENCE GILLIAM;
JAMAR GILLIAM; TAMEKA GILLIAM WRIGHT;
MELISSA GENOVAY GILLIAM; YAMEEKA GILLIAM;
CAPITAL HEALTH; CITY HALL; WELLS FARGO; CHASE BANK;
PNC BANK; WEICHERT; BANK OF AMERICA; ARIANNA WRIGHT

(Amended pursuant to Clerk's Order dated 5/1/2025)

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:22-cv-07209)
District Judge: Honorable Robert Kirsch

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 21, 2025

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: November 24, 2025)

OPINION[*]

PER CURIAM

Garla and Garland Freeman appeal from an order dismissing their amended complaint for lack of subject matter jurisdiction. We will affirm.

I.

Garla Freeman filed a complaint alleging that various individuals stole what she variously described as $3 million or $4 million in cash from a house that she shared with her father Garland.[1] She further alleged that these individuals engaged in other forms of wrongful conduct, including stealing money from Garland's Wells Fargo bank account, and that their malfeasance caused her various physical and psychological injuries. Garla also included allegations against a number of entities, including banks where she asserted that these individuals "might have" deposited the money they allegedly stole, a hospital which apparently provided care for Garland and which Garla also blamed for the loss of the money, and several other private and municipal entities involved in the sale of the Freemans' home after the loss of the money allegedly prevented them from paying property taxes.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] When referring to Garla and Garland individually, we will use their first names solely for ease of reference and without intending any informality or disrespect.

The District Court granted Garla leave to proceed in forma pauperis, screened her complaint, and then dismissed it both for failure to comply with Fed. R. Civ. P. 8 and under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Regarding jurisdiction, the court explained that (1) the parties were not completely diverse because Garla alleged that both she and all of the individual defendants are citizens of New Jersey, and (2) the complaint did not permit identification of any claim that might support federal question jurisdiction. The court also explained that Garla was the only proper plaintiff because, inter alia, Garland had not signed the complaint. The court's dismissal was without prejudice to Garla's ability to file an amended complaint.

Garla then filed an amended complaint along with Garland, who also signed it. The substance of the amended complaint was much the same as before, but this time the Freemans specified that they intended to assert a federal claim under 18 U.S.C. Chapter 103, which relates to robbery and burglary, and in particular 18 U.S.C. § 2112, which prohibits the robbery or attempted robbery of "personal property belonging to the United States." The District Court dismissed the amended complaint too for lack of subject matter jurisdiction because the parties remained non-diverse and because it held that the criminal statutes the Freemans invoked did not give them a private right of action. The dismissal was without leave to further amend because the court concluded that further amendment would be futile. The Freemans appeal.[2]

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over dismissals for lack of subject matter jurisdiction based on the face of the complaint, see Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016), and we review the denial of further leave to amend for abuse of discretion, see id. at 248 n.5.

## II.

We will affirm. We briefly address three issues. First, the Freemans suggest that the District Judge and other court personnel were biased against them. Many of their assertions in this regard are outlandish, and none states a basis for concluding that the District Judge or other court personnel were biased, displayed an appearance of partiality, or engaged in any form of misconduct. The Freemans also argue that the District Judge ruled against Garla in other suits she filed, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The Freemans have not raised, and we do not see, anything suggesting that this case is any exception.

Second, the Freemans argue that the District Court should have applied statutes involving robbery, wrongful death, and harassment. The Freemans do not identify any such statutes, but we construe their brief as challenging the District Court's ruling that the criminal statutes on which they relied did not create a private right of action. We see no error in that regard because bare criminal statutes typically do not create a private right or cause of action. See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190-91 (1994); Zanetich v. Wal-Mart Stores E., Inc., 123 F.4th 128, 139-40 (3d Cir. 2024). The Freemans have not raised, and we do not see, anything suggesting that these statutes are any exception.[3]

---

[3] When a statute does not provide a cause of action for a claim, courts sometimes should dismiss the claim for failure to state a claim rather than for lack of subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). But dismissal

Finally, the Freemans challenge the denial of leave to further amend. They argue that the District Court did not explain how to amend the complaint the first time, but the court clearly explained why the original complaint was deficient and it need not have provided more advice. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). The Freemans also assert that they could further amend their complaint, but they do not say how and nothing in their filings suggests that they could amend their complaint to state any colorable federal claim if given another chance.

III.

For these reasons, we will affirm the judgment of the District Court. We deny the Freemans' request for appointment of counsel and all other requests their filings can be construed to contain.

---

for lack of jurisdiction was proper here because the Freemans' statutory claim was "wholly insubstantial and frivolous." Id. (quotation marks omitted). That is because the only specific statute on which they relied was one prohibiting robbery or attempted robbery of "personal property belonging to the United States," 18 U.S.C. § 2112, and they allege the theft of their property, not any property belonging to the United States.